**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

link 41

| | |
|---|---|
| IN RE: NORTH AMERICAN BREAKER CO. DATA SECURITY LITIGATION<br><br>This Document Relates to: All Actions | Master File No. 8:25-cv-00402-HDV-KESx<br><br>Hon. Hernan D. Vera<br><br>**~~[PROPOSED]~~ PRELIMINARY APPROVAL ORDER** |

This matter is before the Court for consideration of whether the Settlement Agreement[1] reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

**<u>Provisional Certification of The Settlement Classes</u>**

(1) The Court provisionally certifies the following Settlement Class for purposes of settlement only:

> All persons residing in the United States whose PII was compromised in the Data Security Incident, including all who were sent a notice of the Data Security Incident. The Settlement Class specifically excludes: (i) North American Breaker Company, LLC ("NABCO"), the Related Entities,

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as those defined in Section 1 of the Settlement Agreement and Release (the "Settlement Agreement").

> and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

The Court also provisionally certifies the following California Subclass for purposes of settlement only:

> All citizens of California whose PII was compromised in the Data Security Incident, including all who were sent a notice of the Data Security Incident. The California Subclass specifically excludes: (i) NABCO, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

Together, the Settlement Class, including the California Subclass, is referred to herein as the "Settlement Class."

(2) The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all Class Members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Class Members; that the Class Representatives will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any

individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) Plaintiffs Alec Pilavian and Ronald Swan are designated and appointed as the Settlement Class Representatives or the Representative Plaintiffs.

(4) Kristen Lake Cardoso of Kopelowitz Ostrow P.A. and M. Anderson Berry of Emery Reddy, PC, are designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds that Class Counsel are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement Agreement**

(5) Upon preliminary review, the Court finds the proposed Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement Agreement is preliminarily approved.

**Final Approval Hearing**

(6) A Final Approval Hearing shall take place before the Court on ___________, 2025, at ___ a.m./p.m. in Courtroom 5B of the United States District Court for the Central District of California (Western Division), located at 350 W 1st Street, Suite 4311, Los Angeles, CA 90012, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement Agreement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Class Action Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for a Service Award for the Representative Plaintiffs should be approved. Any other matters the Court

deems necessary and appropriate will also be addressed at the hearing. The hearing may be re-scheduled without further notice to the Class.

(7) Class Counsel shall submit their application for fees, costs, and expenses and the application for a Service Award no later than forty-five (45) days after the Notice Commencement Date.

(8) Any Settlement Class Member that has not timely and properly excluded themselves from the Settlement Agreement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement Agreement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement Agreement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement Agreement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Administration**

(9) CPT Group, Inc. is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement Agreement. All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement Agreement.

**Notice to the Class**

(10) The Notice Plan along with the Short Notice, Long Notice, and Claim Form, attached to the Settlement Agreement as Exhibits 1, 2, and 3, respectively, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the

Notice Plan and to perform all other tasks that the Settlement Agreement requires.

(11) The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

**Exclusions from the Class**

(12) Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked no later than sixty (60) days after the Notice Commencement Date.

(13) All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth above, shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.

**Objections to the Settlement Agreement**

(14) A Settlement Class Member who complies with the requirements of this Order may object to the Settlement Agreement.

(15) Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. All written objections and supporting papers must be submitted ONLY TO THE

COURT and (a) clearly identify the case name and number (*Pilavian v. North American Breaker Company, LLC,* Case No. 8:25-cv-00402-HDV-KES), (b) state the objector's full name, address, telephone number (if any), and email address (if any); (c) provide information identifying the objector as a Settlement Class Member; (d) include a written statement of the grounds for objection, accompanied by any legal support the objector wishes to submit; (e) state the number of times the objector has objected to a class action settlement within the past 3 years preceding the date that the objector files the objection including the case name, court, and docket number of each case in which the objector has made such an objection; (f) confirm whether the objector or a lawyer representing the objector intends to personally appear and/or testify at the Final Approval Hearing; and (g) include the objector's signature or the signature of the objector's duly authorized lawyer or representative. Each objection must be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Central District of California or by mailing them to the Class Action Clerk, United States District Court for the Central District of California (Western Division) at First Street U.S. Courthouse, 350 W 1st Street, Courtroom 5B, 5th Floor, Los Angeles, CA 90012, and be filed or postmarked on or before the deadline established by the Court (anticipated to be 60 days after the Notice Date). All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of all filings.

(16) Any Settlement Class Member who fails to object to the Settlement Agreement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement Agreement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement Agreement or the terms of this Agreement by appeal or any other means.

**Claims Process and Distribution Plan**

(17) The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(18) Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form. If the Settlement Agreement is finally approved, all Settlement Class Members who qualify for any benefit under the Settlement Agreement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form, shall be forever barred from receiving any such benefit. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

**Termination of the Settlement Agreement and Use of this Order**

(19) In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* In the event of such termination, all Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement.

(20) If this Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to NABCO. However, NABCO shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to the above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation. After payment of any Settlement Administration and Dispute Resolution that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to NABCO within twenty-one (21) days of termination.

**Stay of Proceedings**

(21) Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(22) The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

(23) The Court stays and enjoins, pending Final Approval of the Settlement Agreement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the Data Security Incident.

**Summary of Deadlines**

(24) The Settlement Agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to the following:

| Event | Time for Compliance |
|---|---|
| Funding Estimated Settlement Administration Costs | Within 21 days after entry of this Preliminary Approval Order or after receiving an invoice from the Settlement Administrator, whichever is later |
| Notice Commencement Date | Within 30 calendar days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Award | No later than 45 calendar days after the Notice Commencement Date |
| Claims Deadline | Within 90 calendar days after the Notice Commencement Date |
| Opt-Out / Exclusion Deadline | Within 60 calendar days after the Notice Commencement Date |
| Objection Deadline | Within 60 calendar days after the Notice Commencement Date |
| Final Approval Brief and Response to Objections Due | No later than 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | **09/22/26 at 10:00 a.m.**<br><br>*The Final Approval Hearing date/time may be changed without further notice to the Class. |
| Funding Remainder of Settlement Fund | Within 21 days after the Effective Date, as defined in the Settlement Agreement. |

**IT IS SO ORDERED** this 19th day of March, 2025.

THE HONORABLE HERNAN D. VERA